**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

HENRY H. CHRISTY,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 09-CV-611-FHM

**OPINION AND ORDER**

Plaintiff, Henry H. Christy, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

Plaintiff claims to have been unable to work since December 31, 2001 as a result of Crohn's disease, depression and back pain. Plaintiff's date last insured was December 31, 2004, and he was therefore required to establish disability on or before that date. The ALJ determined that "Mr. Christy did not have a <u>demonstrable physical impairment</u> or combination of physical impairments that significantly limited his ability to perform basic work activities" during the relevant time frame of December 31, 2001 through December 31, 2003. [Dkt. 9-2, p. 15][emphasis in original]. The ALJ stated this conclusion was

---

[1] Plaintiff's January 29, 2008, application for disability benefits was denied initially and on reconsideration. Hearings before Administrative Law Judge ("ALJ") Jeffrey S. Wolfe were held October 9, 2008, and February 5, 2009. By decision dated June 1, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 21, 2009. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

"supported by the lack of any treatment records during the time frame of December 31, 2001 through December 31, 2004." *Id.*

Plaintiff acknowledges that the record before the ALJ did not contain medical records of his treatment from the alleged onset date to the date last insured. [Dkt. 11, p. 1]. Plaintiff asserts that his treatment during that time was rendered exclusively by the Veteran's Administration (VA) and that his attorney, who was hired one month before the February 2009 hearing, was "unable to obtain the relevant records before the hearing date." *Id.* at pp. 1-2. By July 21, 2009, when the Appeals Council denied Plaintiff's claim, the medical records had not been received. Counsel received the VA medical records in August 2009. Counsel represents that the records are from the time between the alleged onset date and the date last insured. [Dkt. 11, p. 3]. A written request was filed with the Appeals Council requesting to reopen the claim and an opportunity to submit new evidence. Plaintiff represents that as of March 1, 2010, the Appeals Council had not taken action on the request to reopen and to submit new evidence. *Id.* at p. 2. Plaintiff asserts Commissioner erred in the adjudication of his case by: 1) failing to take action on his request to re-open and for an extension of time to file new evidence; and 2) failure to consider new and material evidence. Plaintiff "requests that this Court remand this case and order the new medical records to be taken as evidence before the Commissioner of Social Security." *Id.* at p. 5.

The role of the court in reviewing actions taken by the Commissioner of the Social Security Administration is set out in 42 U.S.C. § 405(g). Section 405(g) provides that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and

2

that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"

The court, relying on the representation that counsel now possesses VA medical records for Plaintiff which cover the time period between the onset date, December 31, 2001 and December 31, 2004, finds that there is new evidence available. Although the specific medical evidence has not been proffered to the court, under the particular narrow circumstances of this case, where there was no evidence before the ALJ related to the relevant time period, the undersigned finds that the new medical evidence is material. The court further finds that there is good cause for the failure to incorporate that evidence into the record in the prior proceedings before the Commissioner.

Based on the foregoing findings, the case is REMANDED to the Commissioner under sentence six of 42 U.S.C. § 405(g) for the purpose of considering the additional medical evidence. Pursuant to the terms of sentence six of §405(g) after considering the additional evidence, the Commissioner shall file with the court its additional or modified findings of fact or decision. If the decision is not fully favorable to Plaintiff, the court will set a schedule for the filing of the transcript of the additional record and for further briefing.

SO ORDERED this 10th day of November, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE